(July 19, 1921.)

STATE, Respondent, v. HENRY C. VOSS, Appellant.

[199 Pac. 87.]

MANSLAUGHTER—INSTRUCTIONS—DUE CAUTION AND CIRCUMSPECTION.

1. *Held,* that the giving of the following instruction was prejudicial and constituted reversible error: "The jury are also instructed that if from the evidence you believe that the defendant when he shot the deceased, did not intend to shoot him, or shoot at him, and that the shooting was accidental, and that in firing the shot which resulted in the death of deceased, the defendant was not angry or excited, and was not frightened, but fired said shot merely for the purpose of frightening deceased and those with him and acting in concert with him, from the premises of defendant, and that defendant believed and had reason to believe that at the time he shot that there was no person within the range of his weapon who would be or could be shot, then you must find the defendant not guilty."

2. In a homicide case, the fact that appellant was angry, excited or frightened does not necessarily raise a presumption that he failed to use due caution and circumspection when firing the fatal shot.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. John M. Flynn, Judge.

Appellant was convicted of involuntary manslaughter. *Reversed.*

Fred D. Crane and McFarland & McFarland, for Appellant.

Roy L. Black, Attorney General, James L. Boone, Assistant Attorney General, and Bert A. Reed, for Respondent.

Counsel cite no authorities on point decided.

BUDGE, J.—Appellant was charged with murder in the first degree and convicted of involuntary manslaughter. This appeal is from the judgment of conviction.

The record discloses that during the evening of April 13, 1920, a few days after appellant's marriage, a number of young men and boys of the community gathered around appellant's house to charivari the newly married couple; that the charivari party made considerable noise about the premises; that appellant went to the door and fired three shots from a revolver into the ground in order to scare the members of the party away; that they departed but returned shortly afterwards and continued the disturbance; that appellant thereupon fired another shot into the ground; that there is evidence to the effect that a member or members of the party raised the sash of appellant's bedroom window and propped it up with a stick; and that a flashlight was played upon the bed occupied by appellant and his wife, whereupon appellant fired a shot through the open window just at the moment when Glenn Miles, one of the boys who had been crouching or lying immediately under the window, raised up in such a position that the bullet struck him in the head and killed him.

Appellant makes numerous assignments of error, but we find it necessary to discuss but one, which involves the action of the court in giving Instruction No. 15, which is as follows:

"The jury are also instructed that if from the evidence you believe that the defendant when he shot the deceased,

did not intend to shoot him, or shoot at him, and that the shooting was accidental, and that in firing the shot which resulted in the death of deceased, the defendant was not angry or excited, and was not frightened, but fired said shot merely for the purpose of frightening deceased and those with him and acting in concert with him, from the premises of defendant, and that defendant believed and had reason to believe that at the time he shot that there was no person within the range of his weapon who would be or could be shot, then you must find the defendant not guilty.''

This instruction by necessary implication directed the jury to find appellant guilty of manslaughter if they should find that he was angry, excited or frightened when he fired the shot, notwithstanding the firing of the shot may have been otherwise a lawful act committed in a lawful manner, with due caution and circumspection, with a view to frighten deceased and those acting with him away from appellant's premises. C. S., sec. 8214, defines manslaughter in the following language:

''Manslaughter is the unlawful killing of a human being, without malice. It is of two kinds:

''1. Voluntary—upon a sudden quarrel or heat of passion.

''2. Involuntary—in the commission of an unlawful act, not amounting to felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection.''

The fact that appellant was angry, excited or frightened does not necessarily raise a presumption that he failed to use due caution and circumspection when firing the fatal shot.

After a careful examination of the record in this case we are of the opinion that the giving of this instruction was prejudicial to appellant, that it was not cured by any other instruction given by the court, and constituted reversible error.

The judgment is, therefore, reversed and a new trial granted.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.